[No. A023066. First Dist., Div. Four. Dec. 19, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
FREDERICK DUREY WATSON, Defendant and Appellant.

**COUNSEL**

Harry Gruber, under appointment by the Court of Appeal, and Deanna F. Lamb for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Aileen Bunney, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SABRAW, J.**—Defendant Frederick Durey Watson was charged by an amended information with murder (Pen. Code, § 187)[1] and with being an accessory in that he did "harbor, conceal and aid" another person whom he knew had committed murder (§ 32).[2] Immediately before these charges were to be submitted to the jury empaneled to try his case, defendant agreed to waive his right to jury trial and to submit the issue of his guilt or innocence on the accessory count to the court. After discharging the jury, the court granted the prosecutor's motion to dismiss the murder count; found defendant guilty on the accessory charge; and sentenced him to state prison for the middle term of two years. Defendant appeals from the judgment of conviction.

I

■ Defendant contends that his conviction must be reversed because "appropriate advisements and waivers were not elicited by the trial court" before defendant submitted his case for the court's adjudication. This contention is without merit.

It is a palpable reality that our courts could not function if every case had to be tried. A complete breakdown is avoided only by the extensive use of procedures which resolve cases without the necessity of a full-blown trial. Chief among these procedures are the formal plea of guilty and the so-called "slow plea," a mechanism whereby the defendant submits the issue of his guilt or innocence for decision by the court on the basis of a transcript of the preliminary examination.

■ A conviction impervious to assault requires a record which establishes that the accused was advised of his constitutional rights as to self-incrimination, confrontation, and trial by jury, and that he intelligently waived these rights. (*Boykin* v. *Alabama* (1969) 395 U.S. 238, 242-244 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709]; *People* v. *Sumstine* (1984) 36 Cal.3d 909, 921 [206 Cal.Rptr. 707, 687 P.2d 904]; *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 602, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]; *In re Tahl* (1969) 1 Cal.3d 122, 130-133 [81 Cal.Rptr. 577, 460 P.2d 449].) It must likewise be shown that he understood the nature of the charges

---

[1]Statutory references are to the Penal Code.

[2]Section 32 provides: "Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony."

against him and was advised of the direct consequences of conviction. (*Bunnell* v. *Superior Court, supra,* at p. 605; *In re Yurko* (1974) 10 Cal.3d 857, 864 [112 Cal.Rptr. 513, 519 P.2d 561]; *In re Tahl, supra,* at p. 133 [text and fn. 7].) ██ This case raises interesting questions regarding the application of these principles.

With respect to the constitutional rights advisements, there is no dispute that defendant was advised of, and expressly waived, his right to have the matter decided by the jury already empaneled. Defendant, however, argues that the same is not true with regard to his rights of confrontation, self-incrimination, and to present evidence on his own behalf. Although this contention is literally correct insofar as the record does not evidence specific and express waivers of these rights, defendant pays insufficient heed to the distinctive posture of the case at the time it was submitted to the court. The prosecution had concluded its case-in-chief and had rested. Each of the prosecution's witnesses had been cross-examined by the defense. After presenting its own witnesses, including defendant himself, the defense had also rested. This was the status of the case at the time it was submitted.[3]

A full consideration of the circumstances establishes why defendant's argument cannot prevail. By taking the stand, defendant waived his privilege against self-incrimination. (*Harrison* v. *United States* (1968) 392 U.S. 219, 222 [20 L.Ed.2d 1047, 1051, 88 S.Ct. 2008]; *Johnson* v. *United States* (1943) 318 U.S. 189, 195-196 [87 L.Ed. 704, 710-711, 63 S.Ct. 549]; *People* v. *Thornton* (1974) 11 Cal.3d 738, 760 [114 Cal.Rptr. 467, 523 P.2d 267]; *People* v. *Reyes* (1976) 62 Cal.App.3d 53, 65-66 [132 Cal.Rptr. 848].) Defendant had already exercised his right to confront and cross-examine the prosecution's witnesses. Defendant had presented witnesses on his behalf and had himself testified at great length. The defense had in fact rested. His defense of innocent noninvolvement had been so thoroughly developed at the time of the submission of the case to the court that neither he nor the prosecutor presented argument. The only consequence of the

---

[3]The following comments were made at the time of submission:

"THE COURT: . . . The court is informed that this matter may be resolved; is that correct?

"MR. MANSFIELD [defense counsel]: Yes, Your Honor. . . . I believe there is a desire to submit the matter at this point—waive the jury, submit the matter to the court as to Count 2. That is agreeable to the prosecution.

"MR. MANSFIELD: *As to the evidence already presented* to the court for the court's decision.

"THE COURT: As to Count 2, then, only, it's the court's understanding that counsel will submit the matter *on the evidence already adduced and no other evidence;* is that correct?

"MR. MANSFIELD: That is correct, Your Honor.

"THE COURT: And counsel are prepared, then, to argue the evidence as to Count 2?

"MR. MANSFIELD: We are.

"MR. DAVIES: Yes, Your Honor.

"THE COURT: All right." (Italics added.)

submission was to substitute the court in place of the jury as the trier of fact after a full evidentiary contest on the merits of the charge against defendant. It was academic whether defendant could confront any witnesses called by the prosecution in rebuttal because the prosecution would not be presenting any new evidence. (See fn. 3, *ante.*) The submission occurred at the conclusion of all evidentiary stages of the trial. Against this background it is apparent that, except for his right to jury trial, defendant had exercised and exhausted his remaining constitutional rights. In short, he had nothing left to waive. To require explicit waivers of nonexistent rights "would be to force resort to an arid ritual of meaningless form." (*Staub* v. *City of Baxley* (1958) 355 U.S. 313, 320 [2 L.Ed.2d 302, 310, 78 S.Ct. 277].) We decline to impose such a purposeless burden on already overworked trial courts.

### II-III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment of conviction is affirmed.

Anderson, P. J., and Poché, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 1986.

---

*See footnote, *ante,* page 1059.